# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
## IN AND FOR NEW CASTLE COUNTY

| | | |
|---|---|---|
| RSUI INDEMNITY COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | C.A. No. N13C-10-096 MMJ |
| SEMPRIS, LLC D/B/A BUDGET | )CCLD | |
| SAVERS AND PROVELL, INC. F/K/A | ) | |
| BUDGET SAVERS, | ) | |
| | ) | |
| Defendants. | ) | |

Submitted: September 17, 2014
Decided: October 24, 2014

Upon RSUI Indemnity Company's Motion for Reargument
**DENIED**

## ORDER

Brian L. Kasprzak, Esquire, Marks, O'Neill, O'Brien, Doherty & Kelly, P.C., Thomas K. Hanekamp, Esquire Kathryn A. Formeller, Esquire, Tressler LLP, Attorneys for Plaintiff

Jennifer C. Wasson, Esquire, Richard L. Horwitz, Esquire, Michael B. Rush, Esquire, Potter Anderson & Corroon LLP, Craig C. Martin, Esquire, Christopher C. Dickinson, Esquire, Brienne M. Letourneau, Esquire, Jenner & Block LLP, Attorneys for Defendants

**JOHNSTON, J.**

1.      By Opinion dated September 3, 2014, this Court held:

No genuine issue of material fact exists that would prevent the Court from granting summary judgment. Sempris has met its burden to prove the *Toney* Lawsuit falls within the Policy's grant of coverage. The Court finds that the *Toney* Lawsuit, arising from alleged violations of the TCPA, is not related to the Prior Lawsuits. The Court finds that RSUI has failed to prove that any exception exists that bars coverage for the *Toney* Lawsuit. Counts II, III, IV, V and VI are not dismissed, as requested by RSUI. The Court finds that RSUI has a duty to defend Sempris in the underlying *Toney* Lawsuit.

**THEREFORE,** RSUI's Motion for Summary Judgment is hereby **DENIED**. Sempris' Motion for Partial Summary Judgment is hereby **GRANTED.**

2.      Plaintiff RSUI Indemnity Company ("RSUI") now moves for reargument. RSUI contends that the Court misapprehended the law and relevant facts in finding that the *Toney* lawsuit involves a claim first made during the RSUI policy period. RSUI argues the Court should have focused on the similarities, and not the differences, between the *Toney* lawsuit and two of the four prior lawsuits ("Prior Lawsuits"). More specifically, RSUI argues that the *Toney* lawsuit arises out of or…involves the same related series of facts, circumstances, situations, transactions, or events as in the Prior Lawsuits.

3.      The purpose of moving for reargument is to seek reconsideration of findings of fact, conclusions of law, or judgment of law.[1] Reargument usually will be denied unless the moving party demonstrates that the Court overlooked a

---

[1] *Hessler, Inc. v. Farrell*, 260 A.2d 701, 702 (1969).

precedent or legal principle that would have a controlling effect, or that it has misapprehended the law or the facts in a manner affecting the outcome of the decision. "A motion for reargument should not be used merely to rehash the arguments already decided by the court."[2]

4.    In the Opinion, the Court explicitly addressed the issue Plaintiff seeks to reargue.  The Court went through a detailed factual analysis of the Prior Lawsuits.  The Court then compared the facts of the Prior Lawsuits to the facts and claims of the *Toney* lawsuit.  At the end of the analysis, the Court found that the facts underlying the Prior Lawsuits were not similar to the facts in the *Toney* lawsuit.  The Court also considered the legal precedent argued by the Plaintiff and found it to be distinguishable from the facts and circumstances presented in the *Toney* lawsuit.  As a result, the Court found that the *Toney* lawsuit was filed within the relevant policy period and fell within the insuring agreement.

5.    The Court did not overlook a controlling precedent or legal principle, or misapprehend the law or the facts in a manner affecting the outcome of the decision.

---

[2] *Wilmington Trust Co. v. Nix*, Del. Super., 2002 WL 356371, Witham, J. (Feb. 21, 2002); *Whitsett v. Capital School District*, Del. Super., C.A. No. 97C-04-032 Vaughn, J. (Jan. 28, 1999); *Monsanto Co. v. Aetna Casualty & Surety Co.*, Del. Super., C.A. No. 88-JA-118, Ridgeley, P.J. (Jan. 14, 1994).

**THEREFORE**, Plaintiff's Motion for Reargument is hereby **DENIED.**

**IT IS SO ORDERED**.

/s/___*Mary M. Johnston*_____
The Honorable Mary M. Johnston